IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MARLIN L. GOFF                                                             PLAINTIFF

v.                              CIVIL NO. 06-2179

MICHAEL J. ASTRUE,[1] Commissioner
Social Security Administration                                             DEFENDANT

## MEMORANDUM OPINION

Plaintiff Marlin L. Goff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act).

**Procedural Background:**

Plaintiff filed the DIB and SSI applications for review on April 15, 2002, alleging an inability to work since January 2, 2001, due to residuals from a neck injury and chronic neck and back pain. (Tr. 22, 174-175). For DIB purposes, plaintiff retained insured status through December 31, 2001. (Tr. 90). An administrative hearing was held on March 13, 2003. (Tr. 455-480). Plaintiff was present and represented by counsel.

---

[1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for acting Commissioner Jo Anne B. Barnhart as the defendant in this suit.

AO72A
(Rev. 8/82)

By written decision dated May 14, 2003, the ALJ found that plaintiff has an impairment or combination of impairments that are severe. (Tr. 28). However, after reviewing all of the evidence presented, he determined that plaintiff's impairments do not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 29). The ALJ found plaintiff retained the residual functional capacity (RFC) to perform a wide range of medium work. More specifically, the ALJ determined plaintiff could lift and/or carry twenty-five pounds frequently, fifty pounds occasionally; could stand, walk and sit for six hours out of an eight-hour workday; and could occasionally perform activities over head, activities involving rotational movements of the head and activities involving pushing and pulling using the upper extremities. (Tr. 29). The ALJ, with the use of vocational expert testimony, found plaintiff could perform other work as a fast food worker and a cleaner/housekeeper. (Tr. 29).

Plaintiff appealed the decision of the ALJ to the Appeals Council. Plaintiff's request for review of the hearing decision by the Appeals Council was denied on August 23, 2006. (Tr. 4-8). When the Appeals Council declined review, the ALJ's decision became the final action of the Commissioner. Plaintiff now seeks judicial review of that decision. (Doc. #1). Both parties filed appeal briefs and this case is before the undersigned pursuant to the consent of the parties.

**Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be

affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past

relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his residual functional capacity. *See McCoy v. Schwieker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920.

**Discussion:**

The regulations provide that the Appeals Council must evaluate the entire record, including any new and material evidence that relates to the period before the date of the ALJ's decision. 20 C.F.R. § 404.970(b). The newly submitted evidence thus becomes part of the "administrative record," even though the evidence was not originally included in the ALJ's record. *See Nelson v. Sullivan,* 966 F.2d 363, 366 (8th Cir.1992). If the Appeals Council finds that the ALJ's actions, findings, or conclusions are contrary to the weight of the evidence, including the new evidence, it will review the case. 20 C.F.R. § 404.970(b). Here, the Appeals Council denied review, finding that the new evidence did not provide a basis for changing the ALJ's decision. In these circumstances, we do not evaluate the Appeals Council's decision to deny review, but rather we determine whether the record as a whole, including the new evidence, supports the ALJ's determination. *Cunningham v. Apfel,* 222 F.3d 496, 500 (8th Cir. 2000).

In the present case, plaintiff submitted additional evidence to the Appeals Council. One of the records included in this evidence was a May 10, 2003, MRI of plaintiff's lumbar spine revealing mild multilevel disc bulges but no herniation or canal stenosis. (Tr. 419).

The only RFC assessment of record during the relevant time period was completed by Dr. Ronald Crow, a non-examining medical consultant, in August of 2002. (Tr. 129-137). Dr.

Crow indicated plaintiff was able to perform medium work limited by occasional overhead reaching. (Tr. 132). We note that the opinion of a consulting physician who examined the plaintiff once or not at all does not generally constitute substantial evidence. *See Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir. 1999). Further, Dr. Crow did not have the benefit of having this MRI in the evidence he reviewed. The records detailing plaintiff's complaints of lower back pain with pain radiating down his legs is also dated after Dr. Crow's assessment. (Tr. 333). There is no assessment of plaintiff's complaints of lower back pain and the results from this MRI by either an examining or non-examining doctor or how this evidence might impact plaintiff's ability to perform substantial gainful activity. Based on the record as a whole we do not find substantial evidence to support the ALJ's RFC determination.

We believe remand is necessary so that the record can be further developed regarding plaintiff's physical RFC. On remand, the ALJ should direct interrogatories to plaintiff's treating/examining physicians inquiring as to the exact physical limitations plaintiff experiences as a result of his impairments and the objective basis for their opinions so that an informed decision can be made regarding plaintiff's ability to perform basic work activities on a sustained basis. *Chitwood v. Bowen*, 788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985). With this evidence, the ALJ should then re-evaluate plaintiff's RFC.

At the hearing plaintiff reported experiencing mental confusion caused by his neck pain, depression and anger about his inability to perform activities that he could once perform. (Tr. 473-474). We strongly suggest that the ALJ address plaintiff's mental functioning during the relevant time period.

AO72A
(Rev. 8/82)

**Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the plaintiff, should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 1st day of September 2007.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE